# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re:  Michelle Ann Kristiansen, | ) | Case No: 20-33421-KLP |
| Jason Michael Kristiansen, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |

**DEBTOR'S MOTION FOR ENTRY OF ORDER AUTHORIZING SALE OF REAL PROPERTY LOCATED AT LOT 15 REDBUD LANE, KING GEORGE COUNTY, VA, 22485**

Michelle Ann Kristiansen and Jason Michael Kristiansen, the Debtors appearing by counsel, ask for entry of an order authorizing the sale of the property parcel located at Lot 15 Redbud Lane, King George County, VA, 22485 (the "Property"), pursuant to sections 363(b)(1) and 363(f) of title 11 of the United States Code (the "Bankruptcy Code").  In support thereof, they state:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 157 and 1334.

2. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

3. The relief sought with this Motion is based upon sections 327(a), 328, 330 and 1107 of title 11 of the United States Code (the "Bankruptcy Code").

**Background**

4. On August 11, 2020 the Debtors filed in this Court a voluntary petition for relief under chapter 13 of the Bankruptcy Code (the "Petition Date") commencing the instant case [doc. 1].

5. On July 7, 2021 the Debtors filed an amended Chapter 13 Plan and Related Motions (the "Plan") [doc. 76].

6. The Debtors own the real property parcel located at Lot 15 Redbud Lane, King George County, VA, 22485 (the "Property"), which has the following legal description:

> ALL that certain lot or parcel of land, situate, lying and being in Potomac Magisterial District, King George, Virginia, in Green Heights, designated as Parcel 15, containing 10.4107 acres, more or less, which is shown on a plat of survey made by William Webb, Jr., Land Surveyor, of Fredericksburg, Virginia, dated June 30, 2002 of the Land of Green Heights Development Group, LLC, which is attached to a Plat Affidavit recorded in the Office of the Circuit Court of King George County, Virginia, in Deed Book 403, at Page 257, and corrected in Deed Book 403, at Page 704.
>
> AND BEING the fee simple property which, by Deed dated September 10, 2004, and recorded September 14, 2004 in the Clerk's Office of the Circuit Court of the County of King George, Virginia, in Book 498, Page 651, was granted and conveyed by Green Heights Development Group, LLC unto Andrew B. Cornell and Janet G. Cornell.

7. The Property is free and clear of liens.

8. The Debtor has obtained an Agreement of Sale with terms to sell the Property to Ashleigh Topping in the amount of $110,000.00 per a contract dated November 8, 2021. A copy of the Agreement is attached as Exhibit A.

**Basis for Relief**

9. Section 363(b)(1) of the Bankruptcy Code provides that a debtor, after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate.

10. Section 363(f) of the Bankruptcy Code allows a debtor to sell property under § 363(b) free and clear of any interest in such property of an entity other than the estate; only if: (1) applicable non-bankruptcy law permits such sale; (2) the entity consents; (3) such entity is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, amongst other possibilities.

11. The Debtor has complied with notice requirement pursuant to L.R. Bankr P. 6004-3.

WHEREFORE, the Debtor requests entry of an Order:

A. Approving the sale of the Property located at Lot 15 Redbud Lane, King George County, VA, 22485 .

B. Allowing the payment of the usual and customary closing costs and real estate commissions necessary to carry out the closing.

C. Allowing all left-over amounts after the payment of the above to be used to be pay the chapter 13 plan.

D. Awarding any other just and equitable relief appropriate.

Respectfully,<br>
MICHELLE ANN KRISTIANSEN<br>
JASON MICHAEL KRISTIANSEN<br>
BY COUNSEL

/s/ Martin C. Conway
Martin C. Conway (VSB No. 34334)
CONWAY LAW GROUP, PC
12934 Harbor Drive, Suite 107
Woodbridge, VA  22192
855.848.3011
571.285.3334 (facsimile)
martin@conwaylegal.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically via CM/ECF and mailed, postage prepaid on November 23, 2021 to all creditors on the mailing matrix maintained by the court and the parties in interest below:

Michelle and Jason Kristiansen
8790 Sage Court

King George, VA 22485

*Debtors*

Carl M. Bates
PO Box 1819
Richmond, VA 23218
*Chapter 13 Trustee*

                                                 <u>/s/ Martin C. Conway</u>
                                                 Martin C. Conway

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | ) | |
|---|---|---|
| In re:  Michelle Ann Kristiansen, | ) | Case No: 20-33421-KLP |
| Jason Michael Kristiansen, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |

# NOTICE OF MOTION

**Michelle Ann Kristiansen and Jason Michael Kristiansen** have filed a **MOTION TO SELL REAL PROPERTY.**

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not wish the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then on or before **December 8, 2021** you or your attorney must:

☐ Send to the parties listed below at least 14 days written notice of a hearing, which may be set on any regularly-scheduled motion day of the judge assigned to the case. If necessary, you may obtain a list of such dates by telephone from the clerk's office. The original and one copy of the notice must be filed with the clerk, accompanied by a motion day cover sheet, a copy of which may be obtained from the clerk. If you are not represented by an attorney, you may instead file with the clerk a written request for hearing. If you mail your request for hearing to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. The address of the clerk's office is as follows:

        Clerk of Court
        United States Bankruptcy Court
        701 E. Broad Street

Richmond, VA 23219

You will be notified by the clerk of the hearing date and will be responsible for sending notice of hearing to the parties listed below.

☒ File with the court, at the address shown above, a written response with supporting memorandum as required by Local Bankruptcy Rule 9013-1(H). **Unless a written response and supporting memorandum are filed and served by the date specified, the Court may deem any opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing.** If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. You must **also** mail a copy to the persons listed below.

☒ Attend the hearing scheduled to be held on **December 15, 2021 at 10:00 am in Courtroom 5100,** U.S. Bankruptcy Court, 701 East Broad Street, Richmond, VA. **If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing.**
REMOTE HEARING INFORMATION: Due to the COVID−19 public health emergency, no in-person hearings are being held. This hearing will take place remotely through Zoom on the date and time scheduled herein.

To appear at the hearing, you must send, by email, a completed request form (the "Zoom Request Form"), which is available on the Court's internet website at www.vaeb.courts.gov, on the page titled, "Temporary Emergency Provisions Regarding ZoomGov Remote Proceeding Access Information." Email your completed Zoom Request Form to the email address listed for the Judge assigned to the case. Following receipt of your Zoom Request Form, Court staff will respond to the email address from which the request was submitted with additional information on how to participate through Zoom.

***The email address shall be used only to submit Zoom Request Forms. No other matters or requests will be considered by Court staff, and under no circumstances will any such matters or requests be brought to the Judge's attention. Failure to comply with these instructions may result in appropriate action, including but not limited to the imposition of sanctions.***

PLEASE NOTE: You MUST submit the Zoom Request Form no later than two (2) business days prior to this hearing. Any documentary evidence the parties wish to present at the hearing must be filed with the Court in advance of the hearing.

☒ A copy of any written response must be mailed to the following persons:

| | |
|---|---|
| W. Clarkson McDow, Jr., 11 | Martin C. Conway |
| Office of the U. S. Trustee | Conway Law Group, PC |
| 701 E. Broad St., Suite 4304 | 12934 Harbor Dr, Suite 107 |
| Richmond, VA 23219 | Woodbridge, VA  22192 |

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

November 23, 2021                                                              CONWAY LAW GROUP, PC

/s/ Martin C. Conway
Martin C. Conway (VSB No. 34334)
12934 Harbor Drive, Suite 107
Woodbridge, VA 22192
855-848-3011
571-285-3334 (facsimile)
martin@conwaylegal.com
*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically via CM/ECF and mailed, postage prepaid on November 23, 2021 to all creditors on the mailing matrix maintained by the court and the parties in interest below:

Michelle and Jason Kristiansen
8790 Sage Court
King George, VA 22485
*Debtors*

Carl M. Bates
PO Box 1819
Richmond, VA 23218
*Chapter 13 Trustee*

/s/ Martin C. Conway
Martin C. Conway

3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: Michelle Ann Kristiansen, | ) | Case No: 20-33421-KLP |
| Jason Michael Kristiansen, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| _____ | ) | |

**ORDER AUTHORIZING SALE OF REAL PROPERTY LOCATED AT
<u>LOT 15 REDBUD LANE, KING GEORGE COUNTY, VA, 22485</u>**

THIS MATTER comes before the Court on the Motion of Michelle Ann Kristiansen and Jason Michael Kristiansen (the "Debtors") who, appearing by counsel, requested this Court to grant them permission to sell a parcel located at Lot 15 Redbud Lane, King George County, VA, 22485 (the "Property"); having reviewed the motion and no objections having been filed thereon; the Court grants the Motion, it appearing that:

1. No party in interest has objected to the granting of this relief:

2. Wherefore it is,

   ORDERED, ADJUDGED AND DECREED:

1. That the Debtors are hereby given permission to sell the Property, with a legal description of:

Martin C. Conway (VSB No. 34334)
CONWAY LAW GROUP, PC
12934 Harbor Drive, Suite 107
Woodbridge, VA  22192
855.848.3011, 571.285.3334 (facsimile)
*Counsel for the Debtors*

ALL that certain lot or parcel of land, situate, lying and being in Potomac Magisterial District, King George, Virginia, in Green Heights, designated as Parcel 15, containing 10.4107 acres, more or less, which is shown on a plat of survey made by William Webb, Jr., Land Surveyor, of Fredericksburg, Virginia, dated June 30, 2002 of the Land of Green Heights Development Group, LLC, which is attached to a Plat Affidavit recorded in the Office of the Circuit Court of King George County, Virginia, in Deed Book 403, at Page 257, and corrected in Deed Book 403, at Page 704.

AND BEING the fee simple property which, by Deed dated September 10, 2004, and recorded September 14, 2004 in the Clerk's Office of the Circuit Court of the County of King George, Virginia, in Book 498, Page 651, was granted and conveyed by Green Heights Development Group, LLC unto Andrew B. Cornell and Janet G. Cornell.

2. That the Debtors have obtained an Agreement of Sale with terms to sell the Property to Ashleigh Topping in the amount of $110,000.00 per a contract dated November 8, 2021.

3. That the Debtors may authorize the payment of the usual and customary closing costs necessary to carry out the closing and shall provide a HUD 1 settlement statement, or equivalent document, pertaining to the same.

4. That the remaining proceeds shall be used to pay the Chapter 13 Trustee in satisfaction of the chapter 13 plan.

5. That the 14 Day Time Period under FRBP 6004(h) is hereby waived.

**Richmond, Virginia**

Date: _____                    _____
                                            Hon. Keith L. Phillips
                                            United States Bankruptcy Judge

**END OF ORDER**

I ASK FOR THIS:

/s/ Martin C. Conway
Martin C. Conway (VSB No. 34334)

2

CONWAY LAW GROUP, PC
12934 Harbor Drive, Suite 107
Woodbridge, VA  22192
855.848.3011
571.285.3334 (facsimile)
martin@conwaylegal.com
*Counsel for the Debtor*

SEEN AND NO OBJECTION:

_____  ____
Carl M. Bates
PO Box 1819
Richmond, VA 23218
*Chapter 13 Trustee*

### LOCAL BANKRUPTCY RULE 9022-1(C) ENDORSEMENT, CERTIFICATION

I hereby certify that a copy of the foregoing was filed electronically via CM/ECF and mailed, postage prepaid on November 23, 2021 to the necessary parties in interest below:

Michelle and Jason Kristiansen
8790 Sage Court
King George, VA 22485
*Debtors*

Carl M. Bates
PO Box 1819
Richmond, VA 23218
*Chapter 13 Trustee*

/s/ Martin C. Conway
Martin C. Conway

### LOCAL BANKRUPTCY RULE 9022-1(B) SERVICE LIST

Would the Clerk please distribute notice of entry of this order to the following:

| | |
|---|---|
| Michelle and Jason Kristiansen<br>8790 Sage Court<br>King George, VA 22485<br>*Debtors* | Carl M. Bates<br>PO Box 1819<br>Richmond, VA 23218<br>*Chapter 13 Trustee* |

3

**BERKSHIRE HATHAWAY HomeServices PenFed Realty**

# SALES CONTRACT FOR UNIMPROVED LAND    EXHIBIT A

This SALES CONTRACT ("Contract") is made on **November 8, 2021** ("Date of Offer") between **Ashleigh Topping**

_____ ("Buyer") and

~~Andrew Cornell, Janet Cornell~~    **Jason Kristiansen and Michelle Kristiansen** ("Seller")

who, among other things, hereby confirm and acknowledge by their initials and signatures herein that by prior disclosure in this real estate transaction **Coldwell Banker Elite** ("Listing Brokerage") represents Seller, and **Berkshire Hathaway Homeservices Penfed Realty** ("Cooperating Brokerage") represents [X] Buyer or [ ] Seller. Listing Brokerage and Cooperating Brokerage are collectively referred to as Broker. (If the brokerage firm is acting as a dual representative for both Seller and Buyer, then the appropriate disclosure form is attached to and made a part of this Contract.) In consideration of the mutual promises and covenants set forth below, and other good and valuable consideration the receipt and sufficiency of which is acknowledged, the parties agree as follows:

1. **REAL PROPERTY.** Buyer agrees to buy and Seller agrees to sell the land and all improvements there on located in the County or City of **KING GEORGE**, Virginia and described as (legal description): **13 - 1 - 15 GREEN HEIGHTS**

   _____

   ("Property"), containing (more or less) **10.41** [ ] square feet or [X] acre(s) and also known as (property address) if applicable: **LOT 15 REDBUD LN**, together with the items described in the IMPROVEMENTS, CHATTELS AND/OR EQUIPMENT INCLUDED paragraph.

2. **IMPROVEMENTS, CHATTELS AND/OR EQUIPMENT INCLUDED.** The following items are included in this sale: _____

   _____

3. **PRICE AND FINANCING.** (Any % are percentages of Sales Price)
   A. **Down Payment.**                                       $_____ or % **0.0**
   B. **Financing.**
      1. First Trust (if applicable)                          $_____ or %_____
         [ ] **Conventional** [ ] **VA** [ ] **FHA**
         [ ] **USDA** [X] **Other: CASH**
      2. Second Trust (if applicable)                         $_____ or %_____
      3. Seller Held Trust (if applicable)                    $_____ or %_____
         **TOTAL FINANCING**                                  $_____ or %_____
         **SALES PRICE**                                      $ **110,000.00**

   C. **Seller Subsidy.**                    (LESS)           $_____ or %_____
   D. **Financing Contingency and Application.** This Contract [ ] is (addendum attached) **OR** [X] is not contingent on financing. If this Contract is contingent on financing: (i) Buyer will make written application for the financing and any lender-required property insurance no later than seven (7) days after Date of Ratification; (ii) Buyer grants permission for Cooperating Brokerage and the lender to disclose to Listing Brokerage and Seller general information available about the progress of the loan application and loan approval process; and (iii) Seller agrees to comply with reasonable lender requirements.

NVAR - K1209 - rev. 07/20                Page 1 of 9              Seller:_____/_____ Buyer: **as** /_____
Berkshire Hathaway HomeServices PenFed Realty - Fredericksburg, 3106 Plank Rd. Fredericksburg VA 22407    Phone: (540) 903-8525    Fax:            Lot 15 Redbud
Trisha McFadden                    Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201    www.lwolf.com

4. **DEPOSIT.** Buyer's deposit ("Deposit") in the amount of [X] $ **5,000.00**_____ check/bank-wired funds and/or [ ] $_____ by note due and payable on _____ shall be held by _____**Freedom Title**_____ ("Escrow Agent"). Buyer [ ] has delivered the Deposit to Escrow Agent OR [X] will deliver the Deposit to Escrow Agent by __**5**__ days after Date of Ratification.

If the Escrow Agent is a Virginia Real Estate Board ("VREB") licensee, the parties direct the Escrow Agent to place the Deposit in an escrow account by the end of the fifth business banking day following receipt or following the Date of Ratification whichever is later. If the Escrow Agent is not a VREB licensee, Deposit will be placed in an escrow account of Escrow Agent after Date of Ratification in conformance with the laws and regulations of the appropriate jurisdiction and/or, if VA financing applies, as required by Title 38 of the U.S. Code. This account may be interest bearing and all parties waive any claim to interest resulting from Deposit. Deposit will be held in escrow until: (i) Credited toward the Sales Price at Settlement; (ii) All parties have agreed in writing as to its disposition; (iii) A court of competent jurisdiction orders disbursement and all appeal periods have expired; or, (iv) Disposed of in any other manner authorized by law. Seller and Buyer agree that Escrow Agent will have no liability to any party on account of disbursement of Deposit or on account of failure to disburse Deposit, except in the event of Escrow Agent's gross negligence or willful misconduct.

5. **SETTLEMENT, POSSESSION.** Seller and Buyer will make full settlement in accordance with the terms of this Contract ("Settlement") on, or with mutual consent before, _____**December 31, 2021**_____ ("Settlement Date") except as otherwise provided in this Contract.
**NOTICE TO BUYER REGARDING THE REAL ESTATE SETTLEMENT AGENTS ACT ("RESAA") Choice of Settlement Agent: You have the right to select a Settlement agent to handle the closing of this transaction. The Settlement agent's role in closing your transaction involves the coordination of numerous administrative and clerical functions relating to the collection of documents and the collection and disbursement of funds required to carry out the terms of the contract between the parties. If part of the purchase price is financed, your lender will instruct the Settlement agent as to the signing and recording of loan documents and the disbursement of loan proceeds. No Settlement agent can provide legal advice to any party to the transaction except a Settlement agent who is engaged in the private practice of law in Virginia and who has been retained or engaged by a party to the transaction for the purpose of providing legal services to that party.
Variation by agreement: The provisions of the Real Estate Settlement Agents Act may not be varied by agreement, and rights conferred by this chapter may not be waived. The Seller may not require the use of a particular settlement agent as a condition of the sale of the property.
Escrow, closing and Settlement service guidelines: The Virginia State Bar issues guidelines to help Settlement agents avoid and prevent the unauthorized practice of law in connection with furnishing escrow, Settlement or closing services. As a party to a real estate transaction, you are entitled to receive a copy of these guidelines from your Settlement agent, upon request, in accordance with the provisions of the Real Estate Settlement Agents Act.**

Buyer selects _____**Freedom Title**_____ ("Settlement Agent") to conduct Settlement. Either party may retain their own legal counsel. Buyer agrees to contact Settlement Agent within tne (10) Days of Date of Ratification to schedule Settlement. Settlement Agent shall order the title examination and, if required, a survey.

Unless otherwise agreed to in writing between Seller and Buyer, Seller will give possession of Property at Settlement, including delivery of keys, if any. If Seller fails to do so and occupies Property beyond Settlement, Seller will be a tenant at sufferance of Buyer and hereby expressly waives all notice to quit as provided by law. Buyer will have the right to proceed by any legal means available to obtain possession of Property. Seller will pay any damages and costs incurred by Buyer including reasonable attorneys' fees.

6. **DOWN PAYMENT.** The balance of the down payment will be paid on or before Settlement Date by certified or cashier's check or by bank-wired funds. An assignment of funds shall not be used without prior written consent of Seller.

7. **BROKERAGE FEE, SETTLEMENT STATEMENTS.** Seller and Buyer authorize and direct the Settlement Agent to disburse to Listing Brokerage and/or Cooperating Brokerage from the settlement proceeds their respective portions of the brokerage fee payable as a result of this sale and closing under the Contract. Each Listing Brokerage and/or Cooperating Brokerage shall deliver to Settlement Agent, prior to Settlement, a signed written statement setting forth the fee to which such brokerage is entitled and stating how such fee and any additional sales incentives are to be disbursed. Seller and Buyer authorize and direct Settlement Agent to provide to each of Seller, Buyer, Listing Brokerage and Cooperating Brokerage a copy of the unified settlement statement for the transaction.

8. **FEES, ADJUSTMENTS.** Each party shall bear its own fees and expenses in connection with this Contract, except as specifically provided otherwise herein. Seller agrees to pay the fee for preparing the Deed, that portion of Settlement Agent's fee billed to Seller, costs of releasing existing encumbrances, Seller's legal fees and any other proper fees assessed to Seller. Fees and expenses to be charged will be reasonable and customary for the jurisdiction in which the Property is located. Grantor's tax and Regional Congestion Relief Fee (for Alexandria City, Arlington, Fairfax, Loudoun, and Prince William Counties and all cities contained within) shall be paid by Seller. All fees and expenses incurred by Buyer in connection with the purchase, including without limitation fees for the title examination (except as otherwise provided), insurance premiums, survey, recording fees (including those for the Deed and any purchase money trusts), and that portion of Settlement Agent's fee billed to Buyer, Buyer's legal fees and any other proper charges assessed to Buyer will be paid by Buyer. All taxes, assessments, interest, rent escrow deposits, and other ownership fees, if any, shall be adjusted as of Settlement Date.

9. **LAND USE ASSESSMENT/ROLLBACK TAXES.**
   Seller represents that the Property ☐ is **OR** ☒ is not currently enrolled in the Land Use Assessment Program. If, by the actions of the Seller, Property is deemed unqualified for the Land Use Assessment Program, Seller shall be liable for the rollback taxes. If Buyer declines to continue Property in the program, or fails to renew or revalidate Property in the program after Settlement, within the time frame required by the local regulatory authority, Seller shall not be liable for rollback taxes.

10. **STUDY PERIOD CONTINGENCY.** This Contract is contingent for __**45**__ days after Date of Ratification ("Study Period Deadline") for Buyer to determine whether Property is suitable for Buyer's intended use through feasibility, soil, utilities, percolation study(ies), or any other study(ies) or test(s) deemed necessary by Buyer ("Study Period"). Such study(ies) or test(s) shall be pursued diligently and in good faith. If Buyer, in Buyer's sole judgment, determines that Buyer's intended use of Property is not permissible or practicable, Buyer shall have the right to void this Contract, in which event Deposit shall be returned to Buyer and the parties shall have no further liability or obligations hereunder, except as set forth herein. In such event, Buyer ☒ shall **OR** ☐ shall not deliver to Seller all documents related to the test(s) and/or study(ies) conducted during the Study Period.

    **If Buyer does not void the Contract by the Study Period Deadline, this Contract will remain in full force and effect with no Study Period Contingency.**

    All engineering, surveying, topographic maps, site plans, special use permits, soil testing data, and any other technical information affecting Property in the possession of Seller ☒ will be made available to Buyer within __**10**__ days from Date of Ratification **OR** ☐ will not be made available to Buyer.

11. **ACCESS.** Buyer and Buyer's agents, inspectors, and engineers shall have the right to access Property at all reasonable times prior to Settlement for purposes of engineering, surveying, title or other work, so long as

NVAR - K1209 - rev. 07/20    Page 3 of 9    Seller: [initials] / [initials]    Buyer: [initials] / _____

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201    www.lwolf.com    Lot 15 Redbud

such studies do not result in a permanent change in the character or topography of Property. Access by easement must be acceptable to lender. Buyer shall not interfere with Seller's use of Property, and Buyer, at Buyer's expense, shall promptly restore Property to its prior condition upon completion of Buyer's studies or work. Buyer shall keep Property free and clear from all liens resulting from its work, studies, investigations or other activities performed pursuant to this Contract and shall indemnify and hold Seller harmless against any loss or liability to person or property resulting from Buyer's presence or activities on Property. This obligation shall survive Settlement and transfer of title and possession to Property.

12. **HAZARDOUS MATERIALS.** Seller hereby expressly represents and warrants to Buyer that during the period of Seller's ownership of Property, Seller has not used and Seller had no actual knowledge of others using Property or any portion for landfill, dumping, or other disposal activities, or operation including storage of raw materials, products, or waste of hazardous nature, or for any other use which might give rise to the existence of hazardous materials as defined by but not limited to the Resource Conservation and Recovery Act, the Comprehensive Environmental Response, Compensation and Liability Act, or by any local ordinances on Property which could create liability for Buyer. Seller agrees to indemnify and hold Buyer harmless from and against any and all costs, expenses, and liabilities which may be incurred by Buyer (including, without limitation, court costs, reasonable attorney's fees, and claims by any governmental agencies) as a result of any breach of the representations and warranties in this paragraph. Seller and Buyer shall not hold Broker liable for any breach of this paragraph.

13. **RISK OF LOSS.** The risk of damage or loss to the Property by fire, act of God, or other casualty remains with Seller until the execution and delivery of the Deed to Buyer at Settlement. In the event of substantial loss or damage to Property before Settlement, Buyer shall have the option of either (i) terminating this Contract and recovering Deposit, or (ii) affirming this Contract, in which event Seller shall assign to Buyer all of Seller's rights under any policy or policies of insurance applicable to Property.

14. **TITLE.** The title report and survey, if required, will be ordered promptly and, if not available on Settlement Date, then Settlement may be delayed for up to 10 business days to obtain the title report and survey, after which this Contract, at the option of Seller, may be terminated and Deposit will be refunded in full to Buyer according to the terms of the DEPOSIT paragraph. Fee simple title to Property, and everything that conveys with it, will be sold free of liens except for any loans assumed by Buyer.

Seller will convey title which is good, marketable, and insurable by a licensed title insurance company with no additional risk premium. In case action is required to perfect the title, such action must be taken promptly by Seller at Seller's expense. Title may be subject to commonly acceptable easements, covenants, conditions and restrictions of record, if any, as of Settlement Date. If title is not good, marketable, and insurable by a licensed title insurance company with no additional risk premium, on Settlement Date, Buyer may at Buyer's option either (a) declare the Contract void in writing, or (b) pursue all available legal and equitable remedies. Nothing herein shall prohibit the parties from mutually agreeing to extend Settlement Date under terms acceptable by both parties.

Seller will convey the Property by ☐ special warranty deed **OR** ☒ by general warranty deed with English covenants of title ("Deed"). The manner of taking title may have significant legal and tax consequences. Buyer is advised to seek the appropriate professional advice concerning the manner of taking title.

Seller will sign such affidavits, lien waivers, tax certifications, and other documents as may be required by the lender, title insurance company, Settlement Agent, or government authority, and authorizes Settlement Agent to obtain pay-off or assumption information from any existing lenders.

Unless otherwise agreed to in writing, Seller will pay any special assessments and will comply with all orders or notices of violations of any county or local authority, homeowners' or property owners' association, or actions in any court on account thereof, against or affecting the Property on Settlement Date. The Broker is hereby expressly released from all liability for damages by reason of any defect in the title.

15. **DELIVERY.** This paragraph specifies the general delivery requirements under this Contract. For delivery of property owner's association documents see the VIRGINIA PROPERTY OWNERS' ASSOCIATION ACT paragraph of this Contract. Delivery of the Notice pursuant to the Virginia Residential Property Disclosure Act is addressed in the VIRGINIA RESIDENTIAL PROPERTY DISCLOSURE ACT paragraph.

Delivery ("Delivery", "delivery", or "delivered") methods may include hand-carried, sent by professional courier service, by United States mail, or by facsimile or email transmission. The parties agree that Delivery will be deemed to have occurred: on the day delivered by hand, on the day delivered by a professional courier service (including overnight delivery service), or by United States mail, return receipt requested, or on the day sent by facsimile or email transmission, either of which produces a tangible record of the transmission.

Deliveries will be sent to the following:

**A.** Addressed to Seller by ☐ United States mail, hand delivery or courier service **OR** ☐ fax **OR** ☐ email (check all that apply):
To Seller: melissastewarthomes@gmail.com

**B.** Addressed to Buyer by ☐ United States mail, hand delivery or courier service **OR** ☐ fax **OR** ☒ email (check all that apply):
To Buyer: **VIA agent sellfastwithtrisha@gmail.com**

No party to this Contract will refuse Delivery in order to delay or extend any deadline established in the Contract.

16. **VIRGINIA RESIDENTIAL PROPERTY DISCLOSURE ACT.** The Virginia Residential Property Disclosure Act requires Seller to deliver a disclosure statement prior to the acceptance of this Contract unless the transfer of Property is exempt. The law requires Seller, on a disclosure statement provided by the Real Estate Board, to state that Seller makes no representations or warranties concerning the physical condition of the Property and to sell the Property "as is", except as otherwise provided in this Contract.

If the disclosure statement is delivered to Buyer after Date of Ratification, Buyer's sole remedy shall be to terminate this Contract at or prior to the earliest of (i) 3 days after delivery of the disclosure statement in person; (ii) 5 days after the postmark if the disclosure statement is sent by United States mail, postage prepaid, and properly addressed to Buyer; (iii) settlement upon purchase of Property; (iv) occupancy of Property by Buyer; (v) Buyer making written application to a lender for a mortgage loan where such application contains a disclosure that the right of termination shall end upon the application for the mortgage loan; or (vi) the execution by Buyer after receiving the disclosure statement of a written waiver of Buyer's right of termination separate from this Contract.

Written Notice of termination may be (i) hand delivered; (ii) sent by United States mail, postage prepaid, provided that Buyer retains sufficient proof of mailing, which may be either a United States postal certificate of mailing or a certificate of service confirming that such mailing was prepared by Buyer; (iii) sent by electronic means to the facsimile number or electronic mailing address provided by Seller in the DELIVERY paragraph, provided that Buyer retains sufficient proof of the electronic delivery, which may be an electronic receipt of delivery, a confirmation that the notice was sent by facsimile, or a certificate of service; (iv) overnight delivery using a commercial service or the United States Postal Service.

Any such termination shall be without penalty to Buyer, and any deposit shall be promptly returned to Buyer.

**17. VIRGINIA PROPERTY OWNERS' ASSOCIATION ACT.** Seller represents that the Property ☐ is OR ☐ is not located within a development that is subject to the Virginia Property Owners' Association Act ("POA Act" or "Act" solely in this Paragraph).

   **A.** Section 55.1-1808(B) requires the following contract language:

   Subject to the provisions of subsection A of §55.1-1814, an owner selling a lot shall disclose in the contract that (i) the lot is located within a development that is subject to the Virginia Property Owners' Association Act (§55.1-1800 et seq.); (ii) the Property Owners' Association Act (§55.1-1800 et seq.) requires the seller to obtain from the property owners' association an association disclosure packet and provide it to the purchaser; (iii) the purchaser may cancel the contract within three days, or up to seven days if extended by the ratified real estate contract, after receiving the association disclosure packet or being notified that the association disclosure packet will not be available; (iv) if the purchaser has received the association disclosure packet, the purchaser has a right to request an update of such disclosure packet in accordance with subsection H of §55.1-1810 or subsection D of §55.1-1811, as appropriate; and (v) the right to receive the association disclosure packet and the right to cancel the contract are waived conclusively if not exercised before settlement.

   Pursuant to §55.1-1808 and for purposes of this Paragraph, "ratified real estate contract" includes any addenda to this Contract.

   **B.** For delivery of the Packet or the Notice of non-availability of the Packet, Buyer prefers delivery at _____ if electronic or _____ if hard copy.

**18. IRS/FIRPTA - WITHHOLDING TAXES FOR FOREIGN SELLER.** Seller ☐ is OR ☒ is not a "Foreign Person," as defined by the Foreign Investment in Real Property Tax Act (FIRPTA). If Seller is a Foreign Person, Buyer may be required to withhold and pay to the Internal Revenue Service (IRS) up to fifteen percent (15%) of the Sales Price on behalf of the Seller and file an IRS form which includes both Seller and Buyer tax identification numbers. The parties agree to cooperate with each other and Settlement Agent to effectuate the legal requirements. If Seller's proceeds are not sufficient to cover the withholding obligations under FIRPTA, Seller may be required to pay at Settlement such additional certified funds necessary for the purpose of making such withholding payment.

**19. NOTICE OF POSSIBLE FILING OF MECHANICS' LIEN.** Virginia law (Section 43-1 et seq.) permits persons who have performed labor or furnished materials for the construction, removal, repair or improvement of any building or structure to file a lien against the property. This lien may be filed at any time after the work is commenced or the material is furnished, but not later than the earlier of (a) 90 Days from the last day of the month in which the lienor last performed work or furnished materials or (b) 90 Days from the time the construction, removal, repair or improvement is terminated. AN EFFECTIVE LIEN FOR WORK PERFORMED PRIOR TO THE DATE OF SETTLEMENT MAY BE FILED AFTER SETTLEMENT. LEGAL COUNSEL SHOULD BE CONSULTED.

**20. MEGAN'S LAW DISCLOSURE.** Buyer should exercise whatever due diligence Buyer deems necessary with respect to information on sexual offenders registered under Chapter 9 of Title 9.1 of the Code of Virginia. Such information may be obtained by contacting your local police department or the Department of State Police, Central Records Exchange at (804) 674-2000 or http://sex-offender.vsp.virginia.gov/sor/.

**21. DEFAULT.** If Buyer fails to complete Settlement for any reason other than Default by Seller, Buyer shall be in Default and, at the option of Seller, the Deposit may be forfeited to Seller as liquidated damages and not as a penalty. In such event, Buyer shall be relieved from further liability to Seller. If Seller does not elect to accept the Deposit as liquidated damages, the Deposit may not be the limit of Buyer's liability in the event

of a Default. Buyer and Seller knowingly, freely and voluntarily waive any defense as to the validity of liquidated damages under this Contract, including Seller's option to elect liquidated damages or pursue actual damages, or that such liquidated damages are void as penalties or are not reasonably related to actual damages.

If the Deposit is forfeited, or if there is an award of damages by a court or a compromise agreement between Seller and Buyer, the Broker may accept, and Seller agrees to pay, the Broker one-half of the Deposit in lieu of Broker's Fee (provided Broker's share of any forfeited Deposit will not exceed the amount due under the listing agreement).

If Seller fails to perform or comply with any of the terms and conditions of this Contract or fails to complete Settlement for any reason other than Default by Buyer, Seller shall be in Default and Buyer will have the right to pursue all legal or equitable remedies, including specific performance and/or damages.

If either Seller or Buyer refuses to execute a release of Deposit ("Release") when requested to do so in writing and a court finds that such party should have executed the Release, the party who so refused to execute the Release will pay the expenses, including, without limitation, reasonable attorneys' fees, incurred by the other party in the litigation. Seller and Buyer agree that no Escrow Agent will have any liability to any party on account of disbursement of the Deposit or on account of failure to disburse the Deposit, except only in the event of Escrow Agent's gross negligence or willful misconduct. The parties further agree that Escrow Agent will not be liable for the failure of any depository in which the Deposit is placed and that Seller and Buyer each will indemnify, defend and save harmless Escrow Agent from any loss or expense arising out of the holding, disbursement or failure to disburse the Deposit, except in the case of the Escrow Agent's gross negligence or willful misconduct.

If either Buyer or Seller is in Default, then in addition to all other damages, the defaulting party will immediately pay the costs incurred for the title examination, Appraisal, survey and the Broker's Fee in full.

22. **ASSIGNABILITY.** This Contract may be assigned. In the event it is assigned, the original parties to the Contract remain obligated hereunder until Settlement.

23. **DEFINITIONS.**
    A. "Date of Ratification" means the date of Delivery of the final acceptance in writing by Buyer and Seller, of all the terms of this Contract (not the date of expiration or removal of any contingencies).
    B. "Appraisal" means a written appraised valuation of Property.
    C. "Day(s)" or "day(s)" means calendar day(s) unless otherwise specified in this Contract.
    D. All reference to time of day shall refer to the time of day in the Eastern Time Zone of the United States.
    E. For the purpose of computing time periods, the first Day will be the Day following Delivery and the time period will end at 9:00 p.m. on the Day specified. If the Settlement Date falls on a Saturday, Sunday, or legal holiday, then the Settlement will be on the prior business day.
    F. The masculine includes the feminine and the singular includes the plural.
    G. "Legal Expenses" means attorney fees, court costs, and litigation expenses, if any, including, but not limited to, expert witness fees and court reporter fees.
    H. Notice ("Notice", "notice", or "notify") means a unilateral communication from one party to another. All Notices required under this Contract will be in writing and will be effective as of Delivery. For the purposes of computing time periods, the first Day will be the Day following Delivery and the time period will end at 9:00 p.m. on the Day specified. Written acknowledgment of receipt of Notice is a courtesy but is not a requirement.
    I. "Buyer" and "Purchaser" may be used interchangeably in this Contract and any accompanying addenda or notices.

**J.** "Seller Subsidy" is a payment from Seller towards Buyer's charges (including but not limited to loan origination fees, discount points, buy down or subsidy fees, prepaids or other charges) as allowed by lender(s), if any. It is Buyer's responsibility to confirm with any lender(s) that the entire credit provided herein may be utilized. If lender(s) prohibits Seller from the payment of any portion of this credit, then said credit shall be reduced to the amount allowed by lender(s).

24. **MISCELLANEOUS.** This Contract may be signed in one or more counterparts, each of which is deemed to be an original, and all of which together constitute one and the same instrument. Documents obtained via facsimile machines will also be considered as originals. Typewritten or handwritten provisions included in this Contract will control all pre-printed provisions that are in conflict.

25. **VOID CONTRACT.** If this Contract becomes void and of no further force and effect, without Default by either party, both parties will immediately execute a release directing that the Deposit be refunded in full to Buyer according to the terms of the DEPOSIT paragraph.

26. **TIME IS OF THE ESSENCE AS TO ALL TERMS OF THIS AGREEMENT.**

27. **ARBITRATION.** Nothing in this Contract shall preclude arbitration under the Code of Ethics and Standards of Practice of the National Association of REALTORS®.

28. **REAL ESTATE LICENSED PARTIES.** Broker may from time to time engage in general insurance, title insurance, mortgage loan, real estate settlement, home warranty and other real estate-related businesses and services, from which they may receive compensation during the course of this transaction, in addition to real estate brokerage fees. The parties acknowledge that Broker is retained for their real estate brokerage expertise, and neither has been retained as an attorney, tax advisor, appraiser, title advisor, home inspector, engineer, surveyor, or other professional service provider.
The parties acknowledge that _____ is an ☐ active or ☐ inactive licensed real estate agent in ☐ VA and ☐ Other _____ and is either the ☐ Buyer ☐ Seller or ☐ is related to one of the parties in this transaction.

29. **ENTIRE AGREEMENT.** This Contract will be binding upon the parties, and each of their respective heirs, executors, administrators, successors and permitted assigns. The provisions not satisfied at Settlement will survive the delivery of the deed and will not be merged therein. This Contract, unless amended in writing, contains the final and entire agreement of the parties and the parties will not be bound by any terms, conditions, oral statements, warranties or representations not herein contained. The interpretation of this Contract will be governed by the laws of the Commonwealth of Virginia.

30. **ADDITIONS** The following forms, if ratified and attached, are made a part of this Contract. (This list is not all inclusive of addenda that may need to be attached).

    ☐ Yes  ☒ No  Contingencies/Clauses Addendum
    ☐ Yes  ☒ No  Financing Contingency Addendum _____
    ☐ Yes  ☒ No  Appraisal Contingency All Cash
    ☐ Yes  ☐ No  Other (specify): _____

31. **DISCLOSURE OF SALES PRICE TO APPRAISER** Listing Brokerage and Cooperating Brokerage are hereby authorized to release the Sales Price listed in PRICE AND SPECIFIED FINANCING Paragraph to any appraiser who contacts them to obtain the information.

**32. OTHER TERMS.**  Sale must be first approved by court.

_____

_____

**Date of Ratification (see DEFINITIONS)**

_____

**SELLER:**                                              **BUYER:**

11/18/2021   / *Jason M. Stephens*                       11/09/2021  / *Ashleigh Topping*
_____    B4820EDE55FB49B...                         _____    11/9/2021 1:31:47 PM GMT
Date          Signature                                  Date          Signature
              Andrew Cornell                                           Ashleigh Topping

11/20/2021   / *M Kristan*
_____    1BDE53C0FFA4BC...                          _____  / _____
Date          Signature                                  Date          Signature
              Janet Cornell

_____  / _____                 _____  / _____
Date          Signature                                  Date          Signature

_____  / _____                 _____  / _____
Date          Signature                                  Date          Signature

**************************************************************************

**For information purposes only:**
Listing Brokerage's Name and Address:                    Cooperating Brokerage's Name and Address:

**Coldwell Banker Elite**                                **Berkshire Hathaway Homeservices Penfed Realty**
**15375 Dahlgren RD**                                    **3106 Plank road**
**King George, VA  22485**                               **Fredericksburg ,**

Brokerage Phone #:  **(540)469-4300**                    Brokerage Phone #:  **(540)371-7653**

Bright MLS Broker Code: **CBE7**                         Bright MLS Broker Code: **BHHSS1**

VA Firm License #: _____                          VA Firm License #: _____

Agent Name: **Melissa J Stewart**                        Agent Name: **Trisha McFadden**

Agent Email: **melissastewarthomes@gmail.com**           Agent Email: **SELLFASTWITHTRISHA@GMAIL.COM**

Agent Phone #: **(540)809-4547**                         Agent Phone #: **(540)903-8525**

MLS Agent ID #  **95134**                                MLS Agent ID #  **139682**

VA Agent License #: _____                         VA Agent License #: _____

Team Leader Name: _____                           Team Leader Name: **zenergy realty group**

© 2020 Northern Virginia Association of REALTORS®, Inc.

This is a suggested form of the Northern Virginia Association of REALTORS®, Inc. ("NVAR"). This form has been exclusively printed for the use of REALTOR® members of NVAR, who may copy or otherwise reproduce this form in identical form with the addition of their company logo. Any other use of this form by REALTOR® members of NVAR, or any use of this form whatsoever by non-members of NVAR is prohibited without the prior written consent of NVAR. Notwithstanding the above, no REALTOR® member of NVAR, or any other person, may copy or otherwise reproduce this form for purposes of resale.



**BERKSHIRE HATHAWAY HomeServices**
PenFed Realty

# ESCALATION ADDENDUM

This Addendum is made on __11/09/2021__, to a sales contract ("Contract") offered on __11/02/2021__, between __Ashleigh Topping__ ("Purchaser") and __Andrew Cornell, Janet Cornell__ ("Seller") for the purchase and sale of the Property: __LOT 15 REDBUD LN, KING GEORGE,__

The parties agree that this Contract is modified as follows:

If, prior to ratification of this Contract, Seller receives one or more additional written bona fide offers to purchase the Property with terms acceptable to Seller ("Other Offer(s)"), and from which Seller would receive an equal or higher Net than the Net reflected in this offer, then this Contract's Sales Price shall automatically increase to an amount which generates a Net to Seller equal to $ __1,000.00__ above any Other Offer's Net to Seller, not to exceed a maximum Sales Price of $ __120,000.00__. If Other Offers include escalation terms, this automatic increase will be applied to the maximum escalated Net of the highest competing escalation addendum. In this Addendum the term "Net" is defined as the Sales Price less all Seller concessions.

**Must select only one of the options:**

[X] **Option #1 - Waives Appraisal Valuation** - If the lender's appraisal is less than the Sales Price, Purchaser agrees to proceed to Settlement without regard to the amount of the lender's appraisal. Purchaser agrees to pay the Sales Price from: (i) loan proceeds provided by lender on the basis of such appraisal, and (ii) any required excess amount in cash from a source acceptable to the lender. If Settlement does not occur due to Purchaser's failure to comply with the terms of this paragraph, Purchaser shall be in default. If VA or FHA financing is used, this paragraph is not applicable and shall NOT be selected **OR**

[ ] **Option #2 - Retains Appraisal** - The appraisal language from the above referenced Contract remains in full force and effect.

| | |
|---|---|
| Seller shall provide to Purchaser a complete copy of Other Offer used to justify the escalated sales price with this Addendum | |
| **ESCALATED SALES PRICE: $** | |
| **Terms of Other Offer (to be completed by Seller):** | |
| Purchaser: _____ | Offer Date: _____ |
| Selling Company: _____ | Selling Agent: _____ |
| Sales Price: $ _____ | Total Concessions: $ _____ |
| Net: $ _____ | |

Any changes in Sales Price under this Addendum will be effective and binding upon Seller and Purchaser upon ratification of Contract and this Addendum at the above escalated Sales Price.

Purchaser and Seller agree to initial these changes in the PRICE AND SPECIFIED FINANCING paragraph of this Contract upon request by either party. Purchaser has made this offer of his/her own volition and discretion. Purchaser and Seller agree to hold agents and their respective Brokers harmless with regard to this Sales Price negotiation. Having read and understood the foregoing, we the undersigned, hereby ratify, accept, approve, confirm and acknowledge the same to be a part of our Contract.

**SELLER:** | **PURCHASER:** AuthentiSIGN

_____/_____ | 11/09/2021 / *Ashleigh Topping*
Date    Signature | Date    Signature 1:31:18 PM GMT
          ~~Andrew Cornell~~ |           Ashleigh Topping

_____/_____ | _____/_____
Date    Signature | Date    Signature
          ~~Janet Cornell~~ |

REALTOR®

© 2015 Northern Virginia Association of REALTORS®, Inc.

EQUAL HOUSING OPPORTUNITY

NVAR - K1306 - rev. 01/15